UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC., f/k/a
FORD DEALER COMPUTER SERVICES, INC.

      Plaintiff,

v.                                      Case No. 11-11853
                                          Honorable Julian Abele Cook, Jr.

DALE SPRADLEY MOTORS, INC.

      Defendant.

ORDER

On March 31, 2011, an arbitrator rendered an award in the amount of $1,752,882.18 in favor of the Plaintiff, Dealer Computer Services, and against the Defendant, Dale Spradley Motors. Thereafter, the Plaintiff filed a complaint on April 27, 2011, in which it sought to obtain (1) the confirmation of an arbitration award, (2) an assessment of interest running from August 3, 2009 (the date on which the arbitration demand was filed), (3) attorney's fees and (4) costs. In its answer (filed on May 20, 2011), the Defendant, while acknowledging that an arbitrator had rendered an award in favor of the Plaintiff in March of 2011, denies the amount of the arbitration award.

Thereafter, the parties participated in a series of motions during the months of June 2011 and August 2011 wherein the issue as to the timeliness of the Plaintiff's reply to the Defendant's

answer became a major issue.[1] Currently before the Court are (1) the Defendant's motion to strike the Plaintiff's reply, and (2) the Plaintiff's motion to strike the Defendant's motion.

II

A.

Local Rule 7.1(e)(2)(C) provides that reply briefs must be filed "within 14 days after service of the response, but not less than 3 days before oral argument." On the other hand, the district court has the authority to extend the time for the filing of a reply brief if there is competent evidence that the allegedly offending party had committed acts of excusable neglect. Fed. R. Civ. P. 6(b).

The controlling legal standard for evaluating proclaimed evidence of excusable neglect necessitates the balancing of five factors; to wit, "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Engineering and Manufacturing Services, LLC v. Ashton* 387 Fed. Appx. 575, 582 (6th Cir. 2010). The Court will address each of these factors in turn.

First, there is no evidence that the late filing caused any prejudice the Defendant. Indeed, there is no claim by the Defendant that it suffered any prejudice as the result of the late filing. This factor weighs in favor of allowing the merits of the Plaintiff's answer, albeit untimely, to be

---

[1] The following is a summary of selected entries that appear on the official docket in this case; to wit, (1) June 28, 2011: motion by the Defendant to vacate the arbitration award; (2) July 12, 2011: response by the Plaintiff to the Defendant's motion to vacate; (3) August 2, 2011: reply by the Defendant to the response by the Plaintiff; (4) August 3, 2011: reply to the Defendant's answer; and (5) August 12, 2011: motion by the Defendant to strike the Plaintiff's reply

evaluated by the Court

Second, although the length of the delay was considerable, it did not have any substantive impact upon these judicial proceedings. A hearing for this case is scheduled for November 17, 2011 and, moreover, the judicial process has not suffered any adverse impact because of the late filing. This factor also weighs in favor of admitting the Plaintiff's untimely answer.

With regard to the third and fourth factors, the Plaintiff gives no reason for the delay or reason for the Court to believe that it was beyond its control. Finally, the Plaintiff denies that it had acted in bad faith in filing a late reply. In summary, the Court finds that none of the *Ashton* factors indicate that the Plaintiff's reply should be stricken for being untimely. Therefore, the Defendant's motion to strike the Plaintiff's untimely reply is denied.

B.

Rule 12(f) allows the Court to sua sponte strike material from a pleading if it is found to be "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Both of the Defendant's pleadings (i.e., motion to strike the Plaintiff's reply, and its response to the Plaintiff's motion to strike) contain redundant and immaterial arguments. While those pleadings should have focused on the allegedly ill effects of the Plaintiff's late filing upon this case, the Defendant has argued various points of fact and law regarding the assignment of interest to the underlying arbitration award. A careful reading of these pleadings reveals that neither of them speak to the claimed untimeliness of the Plaintiff's reply. The Plaintiff raises no new factual or legal allegations in its reply. It would be inappropriate to allow the Defendant to use a motion which was supposedly related to the timeliness issue to respond to those issues which should have been addressed in its prior pleadings to the Court.

III.

Therefore, for the reasons that have been stated above, the Court denies the Defendant's motion to strike (document #26) the Plaintiff's untimely reply. Additionally, the Court grants the Plaintiff's motion (document #29) to strike the Defendant's motion to strike (document #26) DCS' untimely reply.

IT IS SO ORDERED.

Dated:  October 5, 2011          S/Julian Abele Cook, Jr.
     Detroit, Michigan            JULIAN ABELE COOK, JR.
                                                         United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 5, 2011

                                                      s/ Kay Doaks
                                                      Case Manager