UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC., f/k/a
FORD DEALER COMPUTER SERVICES, INC.

        Plaintiff,

   v.                                   Case No. 11-11853
                                       Honorable Julian Abele Cook, Jr.

DALE SPRADLEY MOTORS, INC.

        Defendant.

ORDER

In this case, the Plaintiff, Dealer Computer Services ("DCS"), seeks to obtain a confirmation of an arbitration award that was rendered against the Defendant, Dale Spradley Motors ("Spradley Motors"), pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. DCS also seeks to recover prejudgment interest on the arbitration award in addition to attorneys' fees, costs, and expenses. Currently pending before the Court are (1) DCS' motion to confirm the arbitration award; (2) Spradley Motors' motion for leave to file an amended response; and (3) Spradley Motors' motion to vacate the arbitration award on the basis of Section 10 of the FAA.

For the reasons that follow, the Court (1) grants DCS' petition to confirm the arbitration award and its request for costs, (2) denies Spradley Motors' motion for leave to file an amended response and (3) denies Spradley Motors' motion to vacate the award.

I.

1

DCS, a Delaware corporation with its principal place of business in Houston, Texas, provides computer systems to automobile dealerships throughout the nation. Spradley Motors is a car dealership, which was organized as a corporate entity with its principal place of business in Pueblo, Colorado. In September 2006, DCS and another car dealership, Freedom Ford, modified an existing contractual relationship by agreeing to, among other things, extend the duration of their agreement for an additional sixty months (i.e., from 264 months to 324 months). In December 2007, Spradley Motors acquired the business interests of Freedom Ford, as well as the rights and obligations under its contract with DCS. In 2009, Spradley Motors stopped making the payments that had been identified in its agreement, contending that the amended contract between Freedom Ford and DCS had been based on fraud. In an attempt to justify its decision to stop payments, Spradley Motors claimed that DCS had breached its previously existing contractual obligations to properly maintain the equipment when it agreed to assume the business interests of Freedom Ford. In June of the same year, DCS - pointing to the cessation of payments by Spradley Motors - declared the contract to be in default and, thereafter, accelerated the amounts due under the amended agreement. When Spradley Motors did not pay the accelerated amount, DCS filed a claim for arbitration pursuant to the underlying agreement between the parties.[1] On March 31, 2011, DCS obtained an arbitration award against Spradley Motors in the amount of $1,752,882.18.

II.

The Court first addresses Spradley Motors' motion for leave to file an amended response.

---

[1] The parties' agreement calls for an arbitration pertaining to "all disputes, claims, controversies and other matters in question between the parties to the Agreement, arising out of, or relating to this Agreement, or breach thereof, including any claim in which either party is demanding monetary damages of any nature including negligence, strict liability, or intentional acts or omissions by either party." (Compl. Ex. 2, § 17, ECF No. 1-2).

The Federal Rules of Civil Procedure provide that "the court shall freely give leave when justice requires." Fed.R.Civ.P. 15(a)(2). Allowing amended pleadings "reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986) (internal citations omitted). Despite this general rule of liberality, the Supreme Court has established several factors that are relevant to the determination by a court when granting a leave to amend. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis* 371 U.S. 178, 182.

DCS filed its Motion and Brief to Confirm Arbitration Award on April 27, 2011. On May 20, 2011, Spradley Motors filed its response. Nearly six months later, on November 8, 2011, Spradley Motors filed a pleading in which it sought to obtain a leave to file a first amended response. The Court finds that this action by Spradley Motors constitutes an undue delay under the circumstances of this case. As this is an action to confirm an arbitration award, no discovery has occurred that could justify a late amendment to the pleadings. The Sixth Circuit has noted that "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension and Brake* 49 F.3d 1197, 1202 (6th Cir.1995). The proposed amended response does not include any facts or information that were unknown to Spradley Motors at the original time of filing. The Court also agrees with DCS that it would be unduly prejudiced and burdened by allowing Spradley Motors to file an amended response that will return the case to an early stage of this litigation. Therefore, Spradley Motors' motion for leave to file a first amended

3

response is denied.

### III.

The standard of review for the confirmation of an arbitration award by a federal district court is highly deferential. *See, Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir.2005); *Lattimer-Stevens Co. v. United Steelworkers of American, AFL-CIO, Dist. 27, Sub-Dist. 5,* 913 F.2d 1166, 1169 (6th Cir.1990) (review of arbitrator's decision is very narrow).

In 1989, the Sixth Circuit held that "arbitration as a means of dispute resolution is highly favored and courts have long refrained from involving themselves in the merits of an arbitration award . . . Courts are bound by the arbitrator's findings of fact and do not function as appellate courts or courts of review, but serve only to enforce the arbitrator's award." *International Broth. of Elec. Workers, Local 429 v. Toshiba America, Inc.* 879 F.2d 208, 209 (6th Cir.1989). A federal court "must grant [an order confirming an arbitration award unless it] is vacated, modified, or corrected, as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

In seeking to vacate an arbitration award, the disappointed party must look to Section 10 of the FAA which "provide(s) [the] exclusive regime for review provided by the statute." *Hall Street Associates v. Mattel, Inc.,* 552 U.S. 576, 590 (2008). Section 10 identifies four grounds upon which a federal court may vacate such an award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Furthermore, Spradley Motors contends that this challenged award should be vacated because the arbitrators acted in manifest disregard of the law. In *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420-21 (6th Cir.1995), the Sixth Circuit held that:

> manifest disregard of the law is a very narrow standard of review. A mere error in interpretation of application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle. Where... the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside.

IV.

In support of its position that this Court should vacate the arbitration award, Spradley Motors relies upon (1) the four statutory grounds in 9 U.S.C. § 10, and (2) its argument that a manifest disregard of the law has been allowed to exist in this case, all of which will be addressed by the Court seriatim.

A.

Spradley Motors initially contends that it was denied a fair hearing because the arbitration panel refused to (1) grant its request for a continuance, and (2) hear evidence that was relevant and admissible, in violation of 9 U.S.C. § 10(a)(3). On January 20th, 2011, Spradley Motors sought to obtain a ninety day continuance from the final arbitration hearings that had been scheduled for February 7 through February 12, 2011. Spradley Motors submits that it sought to obtain the adjournment in an effort to pursue necessary discovery. However, Spradley Motors' motion was

denied because the arbitration panel (1) determined that Spradley Motors had prior awareness of the individuals whom it sought to depose, and (2) declared that it had authority to issue a subpoena for a uncooperative witness, which, in turn, would make the requested continuance unnecessary. When the final arbitration hearings took place as scheduled on February 7 through February 12, 2011, Spradley Motors sought to obtain a continuance once again, contending that a winter storm had prevented a significant witness from attending the hearing. This request was rejected by the panel, all of whom concluded that (1) the identified witness' projected testimony would be irrelevant and cumulative, and (2) Spradley Motors had an opportunity to question the witness prior to the hearing but declined to do so.

The Sixth Circuit has held that "arbitrators are not bound by formal rules of procedure and evidence, and the standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing." *National Post Office v. U.S. Postal Serv.*, 751 F.2d 834, 841 (6th Cir.1985). Contrary to the argument by Spradley Motors, there is nothing within the record of this case which establishes or even suggests that it was denied a fundamentally fair hearing or that the arbiters' decisions to deny the two continuances rose to the level of misconduct.

Reviewing the record of the arbitration hearing and surrounding motions, it is clear to the Court that both parties had fair opportunities to conduct discovery and to present their respective positions at the hearing. Additionally, Spradley Motors and DCS had jointly agreed that the hearing, as well as the ultimate decision, would be governed by the Commercial Arbitration Rules of the American Arbitration Association.[2] These rules expressly provide that arbitrators shall have full discretion in determining the admissibility, relevance, and materiality of the proffered. (Def. Mot. to Vacate, Ex.4,

---

[2] Def. Mot. to Vacate, Ex. 1, § 17(D), ECF No. 10- 3.

Rule 38, ECF No. 10-7). Thus, the argument by Spradley Motors relating to its claimed inability to obtain a fundamentally fair hearing must be rejected.

B.

Second, Spradley Motors contends that the arbitration award was procured through undue means and the partiality of the arbitrators was flawed in violation of 9 U.S.C. § 10 a (1) and (2). In particular, Spradley Motors contends that one of the arbitrators (Harbin) was biased because he is a partner with a law firm which had previously represented Ford Motor Company. In order to establish a claim of corruption, fraud, or undue means under 9 U.S.C. § (10)(a)(1), the complaining party must "(1) establish fraud by clear and convincing evidence; (2) the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration; and, (3) the petitioner must demonstrate that the fraud materially related to an issue in the arbitration." *Pontiac Trail Medical Clinic, P.C. v. PaineWebber, Inc.*, 1993 WL 288301 at *3 (6th Cir.1993). There is nothing in the record which indicates by clear and convincing evidence that any semblance of fraud occurred. Further, all the material presented to the Court by Spradley Motors regarding the existence and nature of Harbin's relationship to Ford Motor Company were discoverable prior to or during the arbitration. Finally, nothing has been presented by Spradley Motors which would indicate that the relationship between Harbin's law firm and the Ford Motor Company would be materially related to any issue in this arbitration.

To establish evident partiality or corruption under 9 U.S.C. § 10(a)(2), the Sixth Circuit has held that "the party asserting evident partiality must establish specific facts that indicate improper motives on the part of the arbitrators. It is not enough to demonstrate an amorphous institutional predisposition toward the other side, because that would simply be the appearance-of-bias standard that we have

previously rejected." *Uhl v. Korematsu Forklift Co.*, 512 F.3d 294, 306-7 (6th Cir.2008) (internal citation omitted).

An examination of the record indicates that Spradley Motors has not met this standard of evident partiality. Indeed, Spradley Motors has not proffered any specific facts which have reflected the presence of any improper motives behind his participation in this matter. Therefore, the Court declines to vacate the award under 9 U.S.C. § 10(a)(1) or (2).

C.

Third, Spradley Motors urges this Court to vacate the award because, in its opinion, the arbitrators acted in manifest disregard of the law. The ability of a district court to vacate an arbitration award is almost exclusively limited to the statutory grounds as found in the Federal Arbitration Act. *Hall Street Associates v. Mattel, Inc.,* 552 U.S. 576, 590 (2008). In *Hall Street Associates*, the Supreme Court significantly reduced the ability of the federal courts to vacate arbitration awards for reasons others than the statutory grounds in the FAA. However, the Supreme Court left open the ability of the lower federal courts to vacate an arbitration award that is found to be in manifest disregard of the law. *See Wilko v. Swan,* 346 U.S. 427, 436 (1953) ( arbitrator's interpretation of law not in manifest disregard of law is not subject to judicial review). Following the decision in *Hall Street Associates*, other circuits have determined that a manifest disregard of the law is no longer a valid basis upon which to vacate an arbitration award.[3]

In contrast, the Sixth Circuit has held that it will continue to use the manifest disregard standard during the post-*Hall Street Associates* era. *See Coffee Beanery Ltd. v. WW L.L.C.* 300 Fed.

---

[3]*See, e.g.*, *Citigroup Global Markets Inc. v. Bacon* 562 F.3d 349, 358 (5th Cir.2009) ( "manifest disregard of the law as an independent, non-statutory ground for setting aside an award must be abandoned and rejected.")

Appx. 415 (6th Cir.2008). However, it should be noted that the application of a manifest disregard argument is a stringent standard, as evidenced by the Sixth Circuit when it declared over a decade ago that:

> manifest disregard of the law is a very narrow standard of review. A mere error in interpretation of application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle. Where ... the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420-21 (6th Cir.1995).

Spradley Motors has failed to present any evidence to show that the arbitrators manifestly disregarded the applicable contract law. A review of the panel's decision demonstrates that its resolution of the contested issues in this case does not fly in the face of legal precedent. In particular, the arbitrators declared in their reasoning that (1) DCS did not commit any fraud and (2) even if DCS had breached its earlier contract, Freedom Ford had waived any breach of contract claim by performing in accordance with the amended contract and receiving its benefits. The Court has not been made aware of any clearly defined legal principle by the arbitrators that ran contrary to their decision

### D.

Finally, Spradley Motors submits that the arbitration award should be vacated under 9 U.S.C. § 10 (a) (3)-(4) because the arbitrators refused to issue an reasoned award. However, the

Sixth Circuit has held that arbitrators are not required to state any reason for their decisions. Further, an arbitration panel's decision not to explain its award is not a ground for vacatur. *See, e.g. Dawahare v. Spencer* 210 F.3d 666 (6th Cir. 2000). Against this back drop, the Court notes that the arbitration panel did issue an eleven paragraph decision which explained the basis for its decision.

V.

The award in full reads as follows:

> The claimant [DCS] is awarded the following sums against the Respondent [Spradley Motors]: (a) damages in the amount of $1,570,162.21; (b) fees and expenses in the amount of $117,488.98; and ©) the fees paid to the AAA, in the amount of $65,230.99. Thus, the total award to the Claimant is $1,752,882.18.
>
> This Award fully resolves all claims and counterclaims submitted in and to this Arbitration. All claims not been granted herein are hereby denied. This award may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument. (Compl. Ex. 1, ECF No. 1-1)

Having determined that there is no valid basis upon which to vacate the arbitration award, the Court concludes that DCS is entitled to its requested confirmation according to 9 U.S.C. § 9. DCS also seeks to obtain the entry of an order for interest at the rate of 3.101%, compounded annually, from August 3, 2009 until the award is satisfied. DCS further requests attorney fees, costs, and expenses.

The arbitration panel had the authority to award interest which ran from the August 3, 2009, but declined to do so. The arbitration award explicitly stated that all claims not granted are denied. This Court does not have any authority to enlarge the award of the arbitrators. Since the award did not include the granting of any pre-award interest, this Court is not empowered to award such interest.

However, post-award and prejudgment interest can be awarded by the district court *See,*

*e.g. Uhl v. Komatsu Forklift Company, Ltd.* 466 F.Supp.2d 899, 911, (E.D. Mich. 2006) aff'd 512 F.3d 294 (6th Cir. 2008); *In re Waterside Ocean Navigation Co. v. Int'l Navigation, Ltd.,* 737 F2d. 150, 153-4 (2d Circ.1984). Prejudgment interest is governed by Michigan law because the arbitration agreement contains a Michigan choice of law clause. *Northrop Corp. v. Triad International Marketing S.A.*, 842 F.2d 1154, 1155 (9th Cir.1988) (state law determines rate of post-award and pre-judgment interest in diversity action enforcing arbitration award under Federal Arbitration Act).

According to Michigan law, once the parties to a contract with an arbitration clause have submitted their dispute to an arbitrator, received an award, and commenced a civil action to confirm and enforce the award, the interest thereunder is payable from the date of the award to the date of the filing of the complaint according to the legal rate as identified by Mich. Comp. Law § 438.7. *See, e.g., R.D. Management Corp. v. Philadelphia Indm. Ins.* 302 F.Supp.2d 728, 732 (E.D. Mich. 2004); *Uhl v. Komatsku Forklift Co., Ltd.* 466 F. Supp.2d 899, 911 (E.D. Mich. 2006); *Gordon Sel-Way. Inc. v. Spence Bros., Inc.*, 438 Mich. 488, 504 (Mich. 1991). The rate of interest which is applicable under Mich. Comp. Law. § 438.7 is the legal rate found under Mich. Comp. Law. § 438.31. Accordingly, DCS is entitled to 5% interest on the award of $1,752,882.18 running from March 3, 2011 when the sum was awarded to April 27, 2011 when the motion to confirm the arbitration award was filed with this court.

Additionally, when a judgment confirming the arbitration award is entered, the prevailing party is entitled to interest from the date of filing the complaint until the judgment is satisfied. *See Gordon Sel-Way,* 438 Mich. at 510-511. The interest rate is measured at the variable rate in Mich. Comp. Laws § 600.6013(1)(8). Accordingly, DCS is entitled to a rate of 1.553% running from

11

April 27, 2011 until the award is fulfilled.

DCS further claims it is entitled to attorneys' fees and costs incurred in confirming the award. Rule 54(d) of the Federal Rules of Civil Procedure permits a party to seek attorneys' fees. However, the Rule provides that the moving party "must specify . . . the statute, rule, or contractual provision entitling the moving party to the award," Fed.R.Civ.P. 54(d)(2)(B). The FAA contains no provision which authorizes an award of attorneys' fees in confirmation actions. DCS has failed to cite any statute, rule, or contractual provision that entitles them to an award of fees. Accordingly, DCS' request for attorneys' fees is denied. However, DCS' expenses will be allowed to the extent that costs are usually awarded to the prevailing party. *See* Fed.R.Civ.P.54 (d)(1).

VI.

For the foregoing reasons, Dale Spradley's petition to vacate the arbitration award, as well as its motion for leave to file an amended response, are denied (Docket Entry 10, Docket Entry 34). Thus, DCS' motion to confirm the award and enter a judgment thereon is granted. Accordingly, the Court determines that Spradley Motors is indebted to DCS in the amount of $1,752,882.18, plus interest which is calculated at the rate of five percent per annum from March 3, 2011 to April 27, 2011. Furthermore, DCS is entitled to interest at a rate of 1.553% from April 27, 2011 until the award is fully satisfied. For the reasons that have been stated above, DCS' request for attorneys' fees is denied. Costs are awarded to the extent set forth above.

IT IS SO ORDERED.

Date: January 10, 2012                                      s/Julian Abele Cook, Jr.
                                                            JULIAN ABELE COOK, JR.
                                                            U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 10, 2012.

                                                  s/ Kay Doaks
                                                  Case Manager